# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

      v.                              CRIMINAL NO. 2008-10162-PBS

KION JOHNSON, ETC.,
        Defendant.

## MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)

COLLINGS, U.S.M.J.

Kion Johnson ("Johnson" or "the defendant") appeared on June 17, 2008 with counsel for a detention hearing. He is charged in two counts with distributing crack cocaine within 1,000 feet of a public housing project.

The purpose of a detention hearing is as stated in the statute - i.e., "...to determine whether any condition or combination of conditions...[of release] will reasonably assure the appearance of the person as required and the safety of any other person and the community...". Title 18 U.S.C. § 3142(f). It is

important to note that the statute, 18 U.S.C. § 3142(e), contains two presumptions which are applicable to the case at bar. As to the first, the statute provides:

> In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that-
>
> (1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;
>
> (2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and
>
> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

The instant case is one "...described in subsection (f)(1)..." of section 3142, specifically subsection (f)(1)(C).

As to the first requirement contained in subsection 3142(e)(1), Johnson was convicted in the Dorchester District Court on January 16, 2002 of assault

and battery with a dangerous weapon.  This offense would have been an offense described in 18 U.S.C. § 3142(f)(1)(A) if brought in federal court.

As to the second requirement, on the date he committed the crime of assault and battery with a dangerous weapon, January 10, 2002, he was on bail from the Dorchester District Court on a charge of possession of a Class B Controlled Substance.  That offense was committed on or about December 21, 2001, and the defendant was on bail from December 24, 2001 when he appeared in court to January 16, 2002 when he was convicted.  Thus, he was out on bail on January 10, 2002.

Lastly, as to the third requirement, not more than five years have elapsed since he was released from imprisonment on the assault and battery with a dangerous weapon conviction.  On that conviction, he was initially given probation but after violating probation the second time, he was sentenced on March 14, 2003 to nine months imprisonment and was released on August 15, 2003, which is less than five years ago.

Thus, pursuant to this first presumption, it is presumed that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community.

As to the second presumption, the statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.)...

Title 18 U.S.C. §3142(e) (Emphasis supplied).

The defendant is charged in the Indictment with a violation of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carries a maximum sentence of ten years or more imprisonment. Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if I find that there is probable cause to believe that the defendant committed the offense charged in the Indictment. As to the issue of probable cause, the return of an indictment is sufficient to fulfill the probable cause prerequisite for the presumption's operation. *United States v. Vargas*, 804 F.2d 157, 163 (1 Cir., 1986).

The First Circuit has had occasion to construe this second presumption. The Court has ruled that although this presumption does not shift the burden

of persuasion to the defendant, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight. *United States v. Jessup*, 757 F.2d 378 (1 Cir., 1985)[1]; *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987).

Although the First Circuit has not had occasion to construe the first presumption, I shall assume that, if faced with the question, the First Circuit would construe it the same way it construed the second presumption contained in 18 U.S.C. § 3142(e) in the *Jessup* case.

Thus, with respect to each presumption, the defendant has a burden of production. "...[T]he presumption serves to shift the burden of production and to **require** that the defendant introduce **'some evidence'** to the contrary." *United States v. O'Brien,* 895 F.2d 810, 815 (1 Cir., 1990) quoting *Jessup,* 757 F.2d at 381 (emphasis added).  In the instant case, while the defendant may have met

---

[1] The case of *United States v. O'Brien,* 895 F.2d 810, 814 (1 Cir., 1990) established that the standard of appellate review of a pre-trial detention or release decision is that of an "independent review" rather than whether the decision was "supported by the proceedings below" as stated in *Jessup,* 757 F.2d at 387-8.  The holding in *Jessup* construing the statutory presumption remains good law.

his burden with respect to the risk of non-appearance,[2] he has failed to present evidence to rebut the presumption of dangerousness.  To be sure, defendant's counsel  cross-examined the Government's witness on aspects of the incidents which form the basis of the charges, including the fact that the person to whom the defendant allegedly sold the crack misidentified the defendant in a photo array,[3] but none of that evidence in any way indicated that the defendant would not be a danger if released.[4]  Therefore, Johnson will be detained on the basis of the presumptions.

Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Indictment. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are

---

[2] The evidence proffered was that the defendant turned himself in and is a lifelong member of the community.

[3] The Government does have other evidence identifying the defendant as the seller.

[4] The Court notes that the First Circuit held in the *O'Brien* case, 895 F.2d at 816, that defendant's evidence consisting of two witnesses and an affidavit on the effectiveness of electronic monitoring "only arguably rebuts the presumption of flight."  It was only that evidence in combination with additional evidence as to the availability of a surety which led the Court to conclude that the "...evidence as a whole [was] sufficient to rebut the presumption."  While *O'Brien* dealt with the question of what evidence was necessary in order to rebut the presumption with respect to the risk of non-appearance, the Court's recitation of what type of evidentiary production is necessary to rebut that presumption gives some indication of the type of evidence which would be needed to rebut the presumption of dangerousness.  In the instant case, none of that type or quality of evidence was offered or proffered.

contained *supra*. Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

    (1)  The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and

    (3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 19, 2008.